Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

JS-6

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>JEANS WAREHOUSE INC., a Hawaii, Corporation; QUINUS CEQIN CHEN, an individual; SHOE BOX TRADING, a California Corporation; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | CASE NO. 2:14-CV-00706-SJO-PJW<br><br>**ORDER RE PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE** |

　　　　WHEREAS **Plaintiff Deckers Outdoor Corporation** having filed a Complaint in this action charging **Defendants Jeans Warehouse Inc.**, **Quinus Ceqin Chen** and **Shoe Box Trading** (collectively "Defendants") have entered into a Settlement Agreement and Mutual Release as to the claims in the above referenced matter. Defendants, having stipulated to the below terms, IT IS HEREBY ORDERED that:

　　　　1.　　This Court has jurisdiction over the parties to this Stipulation for Permanent Injunction and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

　　　　2.　　Deckers is the owner of the Bailey Button Boot Trade Dress, which is characterized, inter alia, by

1
**[PROPOSED] ORDER**

1 • Classic suede boot styling made famous by the UGG brand;

2 • Overlapping of front and rear panels on the lateral side of the boot shaft;

3 • Curved top edges on the overlapping panels;

4 • Exposed fleece-type lining edging the overlapping panels and top of the boot shaft; and

6 • One or more buttons (depending on the height of the boot) prominently featured on the lateral side of the boot shaft adjacent the overlapping panels.

Exemplars of Deckers' UGG® boots that bear the Bailey Button Boot Trade Dress are depicted below.



3. Many of Deckers' UGG® footwear designs, including those with the Bailey Button Boot Trade Dress, are also protected by design patents issued by the United States Patent and Trademark Office. Design Patents for UGG® Bailey Button Boot styles include, but are not limited to, U.S. Patent Nos. D599,999 for the "Bailey Button Single" boot (registered on September 15, 2009) and D616,189 for the "Bailey Button Triplet" boot (registered on May 25, 2010) (hereinafter "Bailey Button Design Patents").

4. The claims alleged by Plaintiff in the present lawsuit arise from Defendants' manufacture, distribution, promotion, advertisement, offering for sale, and/or sale of footwear, the designs of which Deckers has alleged infringe upon its Bailey Button Boot Trade Dress and Bailey Button Design Patents ("Disputed Products").

5. Defendants specifically deny and continue to deny each and every allegation of wrongdoing, violation of any law, statutes, regulation, agreement or policy, and any liability alleged by Deckers.

6. Defendants and their agents, servants, employees and all persons in active concert and participation with it who receive actual notice of this Stipulation for Permanent Injunction are hereby permanently restrained and enjoined from infringing upon Plaintiff's Bailey Button Boot Trade Dress and/or Bailey Button Design Patents, either directly or contributorily in any manner, including:

(a) Manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Disputed Products or any other products which bear Plaintiff's Bailey Button Boot Trade Dress or any designs confusingly similar thereto and/or products bearing designs that infringe upon the Bailey Button Design Patents and/or the overall appearance thereof;

(b) Delivering, holding for sale, returning, transferring or otherwise moving, storing or disposing in any manner the Disputed Products;

(c) Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiff;

(d) Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 5(a) to 5(c) above.

7. Plaintiff and Defendants shall bear their own costs and attorneys' fees associated with this action.

8. The execution of this Stipulation for Permanent Injunction shall serve to bind and obligate the parties hereto. However, dismissal with prejudice of this action shall not have preclusive effect on those who are not a party to this action, all claims against whom Plaintiff expressly reserves.

9. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Stipulation for Permanent Injunction, the enforcement thereof and the punishment of any violations thereof.  Except as otherwise provided herein, this action is fully resolved with prejudice.

**IT IS SO ORDERED.**

DATED:  April 9, 2014

_____
Hon. S. James Otero
**United States District Judge**